1  JEFFREY D. CAWDREY (SBN: 120488)
   KIMBERLY D. HOWATT (SBN: 196921)
2  GORDON & REES LLP
   101 West Broadway, Suite 1600
3  San Diego, California 92101
   Telephone:  (619) 696-6700
4  Facsimile:   (619) 696-7124

5  Attorneys for Defendant and Appellee GERALD DAVIS

6
7
8
                    UNITED STATES DISTRICT COURT
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

11 | ANIBAL SILVA,                  ) CASE NO. 08-CV-784-WQH (RBB)
                                    )
12 |              Plaintiff,        ) **RESPONSE OF DEFENDANT AND**
                                    ) **APPELLEE GERALD DAVIS TO ORDER**
13 | v.                             ) **TO SHOW CAUSE RE PLAINTIFF'S**
                                    ) **MOTION FOR STAY OF ALL**
14 | PATRICK HARGADON, et al.,      ) **PROCEEDINGS**
                                    )
15 |              Defendants.       ) DATE:  July 18, 2008
                                    ) TIME:  N/A
16                                  ) DEPT:  Courtroom 4, Fourth Floor
                                    ) JUDGE: Honorable William Q. Hayes
17 |_____ )

18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Defendant and Appellee GERALD DAVIS (hereinafter "Mr. Davis") hereby submits this Response to the Order to Show Cause (Document 6) issued by this Court relative to Plaintiff and Appellant ANIBAL SILVA's ("Plaintiff") Motion to Stay of Proceedings [*sic*] in this Case and Related Adversary Cases ("Motion to Stay").

## I.

## SUMMARY OF OPPOSITION TO MOTION

Plaintiff's Motion to Stay is properly dismissed for each or all of the following reasons:

1)  Plaintiff has failed to submit the evidence required under the Servicemember's Civil Relief Act ("SCRA") to demonstrate its asserted applicability, i.e., a letter or other communication from his commanding officer;

2)  Plaintiff has not established that, or how, his claimed military service would materially affect his ability to participate in the lawsuits that he, himself, initiated; and,

3)  Mr. Davis would be unfairly prejudiced by a stay in the proceedings, given the pendency of his well-founded dispositive motions in the underlying matter, Silva v. Jaimes, et al., Adversary Proceeding No. 07-90588, in the U.S. Bankruptcy Court, Southern District of California ("Adversary Proceeding"), the hearing on which was continued by the bankruptcy court for the convenience of Plaintiff.

Accordingly, and as further discussed herein, Mr. Davis respectfully requests that this Court deny Plaintiff's Motion to Stay.

## II.

## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff named Mr. Davis as a defendant in the Adversary Proceeding on January 23, 2008. (Adversary Proceeding, Document Nos. 9, 10.) In response, and after a brief extension of time granted by the bankruptcy court, Mr. Davis filed a Motion to Dismiss Plaintiff's Second Amended Complaint and an Anti-SLAPP Motion to Strike. (Adversary Proceeding, Document Nos. 31, 32.) Notably, the court's denial of Plaintiff's Motion for Reconsideration of the *ex parte* Order granting Mr. Davis an extension of time to file these responsive motions is one of the bases of the current appeal. (Adversary Proceeding, Document No. 40.)

Thereafter, Plaintiff propounded written discovery requests, pursued the entry of defaults against those parties who had not responded to his pleadings, and proceeded to file a Motion for Summary Judgment. (Adversary Proceeding, Document Nos. 22, 34.) By Order dated April 15, 2008 – again, the same Order that is the subject of Plaintiff's appeal – the court *granted* Plaintiff a generous extension of time to respond to Mr. Davis' two dispositive motions, and continued the hearing thereon to July 10, 228. (Adversary Proceeding, Document No. 39.) In accordance, on June 2, 2008, Plaintiff filed his Opposition to both Mr. Davis' Motion to Dismiss and Anti-SLAPP Motion to Strike, as well as to the motions to dismiss brought by other defendants. (Adversary Proceeding, Document Nos. 47-50.)

With the frivolity of Plaintiff's claims against Mr. Davis rapidly approaching judicial determination, Plaintiff filed his Motion to Stay, on the grounds that he has now re-joined the military, will be engaged in training at an unidentified location, and cannot continue to participate in the multitude of cases that he, *himself*, initiated. While Plaintiff's past and purported current military service is certainly admirable, his assertions are not supported by the requisite evidence mandated under the Servicemembers' Civil Relief Act, and the timing of his unilateral decision to re-enlist in the military on the "eve" of numerous important motions is suspect. Moreover, the risk of unfair prejudice to Mr. Davis is manifest: a stay of proceedings deprives Mr. Davis of the adjudication of his dispositve motions and the timely entry of a dismissal in his favor, thus causing him to expend further time and resources as an inappropriately-named defendant in Plaintiff's meritless lawsuit.

On these bases, Mr. Davis opposes Plaintiff's Motion to Stay, and requests that it be denied, such that Mr. Davis' Motion to Dismiss and Anti-SLAPP Motion to Strike may be adjudicated, as scheduled and without leaving unresolved the residual issues raised by Plaintiff's appeal. Mr. Davis has also filed an Opposition to Plaintiff's Motion to Stay in the Adversary Proceeding, which mirrors the substance hereof. (Adversary Proceeding, Document No. 54.)

///

///

///

### III.

### PLAINTIFF HAS FAILED TO COMPLY WITH THE REQUIREMENTS FOR A REQUEST FOR STAY UNDER THE SCRA.

The Servicemembers' Civil Relief Act ("SCRA"), codified at 50 App. U.S.C. §§ 501, et seq., provides for a potential term of suspension of judicial proceedings that adversely affect servicemembers during their military service. Relevant here, the SCRA provides basis for a stay of proceedings of which a servicemember has notice, <u>upon certain statutorily-mandated conditions</u>. In order to obtain the stay provided for under SCRA, a servicemember <u>must</u> submit an application that includes, <u>both</u>:

> **(A)** A letter or other communication setting forth facts stating the manner in which current military duty requirements <u>*materially affect*</u> the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> **(B)** A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty <u>prevents appearance</u> and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C. § 522(b)(2)(A-B) [emphasis added]. These "Conditions for stay" are mandatory, and not discretionary. 50 App. U.S.C. ¶ 522(b)(2) ("an application for a stay ... <u>shall</u> include the following" [emphasis added]).

Plaintiff has failed to meet these statutory requirements in at least two ways. First, Plaintiff has not submitted a letter or other communication from his commanding officer, as required under Section 522(b)(2). Second, Plaintiff's Motion to Stay fails to identify "the manner in which current military duty requirements materially affect the service member's ability to appear," or that such "prevents [his] appearance and [] military leave is not authorized." <u>Ibid</u>. While Plaintiff claims – without the requisite support or any verification – that he will be flown to an unidentified location for his Warrior Transition Course, he fails to identify how this *materially* affects his ability to participate in and/or appear for his lawsuit.

Accordingly, on this basis alone, Plaintiff's Motion to Stay should be denied.

///

///

**IV.**

**MR. DAVIS WOULD BE UNFAIRLY PREJUDICED BY A STAY IN PROCEEDINGS.**

The undue prejudice that would result to Mr. Davis is also properly considered by this court, as a matter of equity and essential fairness. Indeed, Mr. Davis would be unfairly prejudiced by a stay of proceedings, as there is no basis for Plaintiff's claims against him, and he is entitled to a full dismissal and finality in the case at the earliest possible juncture.

Mr. Davis' Motion to Dismiss and Anti-SLAPP Motion to Strike have been fully briefed by the parties, and the Local Rules permit the bankruptcy court's ruling thereon without the need for any further participation by either Plaintiff or Mr. Davis. See, Local District Court Rule 7.1(d) ("[a] judgment may, in the judge's discretion, decide a motion without oral argument); Local Bankruptcy Court Rule 1001-3 (making Rule 7.1 applicable in the bankruptcy forum). The adjudication of these motions should not be delayed due to Plaintiff's unilateral decision to re-join the military during the pendency of the litigation that he, *himself*, initiated, nor should they be hampered by the stayed resolution of the procedural issues raised in Plaintiff's current appeal, i.e., of the court's denial of Plaintiff's Motion for Reconsideration of the *ex parte* Order granting Mr. Davis an extension of time to file these responsive motions.

Due to Plaintiff's failure to comply with the mandates of the SCRA and the patent prejudice to Mr. Davis that would result from a stay, this court should deny Plaintiff's Motion to Stay and proceed to address Plaintiff's non-meritorious appeal of orders which, significantly, are not even appealable.[1]

///

---

[1] Unless an order is final, the district court (or bankruptcy appellate panel) lacks jurisdiction to hear an appeal therefrom. A "final" order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Stasz v. Gonzalez, 2008 WL 1850632, *1 (9th Cir. BAP (Cal.) 2008), citing Catlin v. United States, 324 U.S. 229, 233 (1945). The order appealed from is patently *not* such an order. Moreover, Plaintiff has not sought leave to appeal an interlocutory order. Champion International Corp., supra, 45 B.R. at 842 (D.C. Ga. 1984), citing 28 U.S.C. 1292(b). Notably, as to this latter point, where an interlocutory appeal is more likely to delay litigation than materially advance the ultimate termination of the case, the appeal will not be deemed appropriate for hearing. Trustee of Jartran, Inc. v. Winston & Strawn, 208 B.R. 898, 901. Accordingly, Plaintiff's appeal is not proper for an interlocutory appeal, even if leave had been requested.

## V.

## CONCLUSION

Based on the foregoing, Mr. Davis respectfully requests that this Court deny Plaintiff's Motion to Stay.

Dated: July 3, 2008

GORDON & REES, LLP

By: /s/ *Kimberly D. Howatt*
Jeffrey D. Cawdrey
Kimberly D. Howatt
Attorneys for Defendant and Appellee
GERALD DAVIS

- 5 -

GERALD DAVIS' RESPONSE TO ORDER TO SHOW CAUSE RE PLAINTIFF'S MOTION FOR STAY OF ALL PROCEEDINGS - CASE NO. 08-CV-784-WQH (RBB)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA 92101. On July 3, 2008, I served the within documents: **RESPONSE OF DEFENDANT AND APPELLEE GERALD DAVIS TO ORDER TO SHOW CAUSE RE PLAINTIFF'S MOTION FOR STAY OF ALL PROCEEDINGS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.

Anibal Mesala Silva
P.O. Box 20732
El Cajon, CA 92021

Gerald H. Davis
P.O. Box 2850
San Diego, CA 92263

James Kennedy
Chapter 7 Trustee
P.O. Box 28459
San Diego, CA 92198

Beth A. Clukey
United States Attorney
800 Front Street, Rm. 6293
San Diego, CA 92101-8893

Tiffany L. Carrol
Assistant United States Trustee
Haeji Hong, Trial Attorney
Office of the United States Trustee
402 West Broadway, Suite 600
San Diego, CA 92101

Patrick C. Hargadon
Bankston & Richardson LLP
P.O. Box 1675
Dripping Springs, TX 78620

Martha Puerto
5204 Coopermead Lane
Austin, TX 78754

Patrick Hargadon
400 West 15th Street, Suite 710
Austin, TX 78701

Violet Paredes
15021 Plainview Drive, #C
Austin, TX 78725

Maria Alcantara
17646 LochLinne Loop
Pflugerville, TX 78660

Patricia Tuffentsamer
1007 Clear Lake Lane
Leander, TX 78641

Leticia Alcantara
2205 Oxford Blvd.
Round Rock, TX 78664

Norma Gonsalvez
8101 Cameron Road, Suite 203
Austin, TX 78754

Eddie Paredes
15021 Plainview Drive, #C
Austin, TX 78725

Celestino Medrano
1200 Pitcairn Drive
Pflugerville, TX 78660

Porfirio Alcantara
17646 Loch Linne Loop
Pflugerville, TX 78660

Virginia Jaimes
6100-B Asa Drive
Austin, TX 78747

Robert E. Black
Law Office of Robert E. Black
500 W. 16th Street, Suite 201
Austin, TX 78701

- 1 -
PROOF OF SERVICE

1  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 3, 2008, at San Diego, California.

/s/ *Leslie Harris*

CG/1049479/5784753v.1

- 2 -
PROOF OF SERVICE