KAREN P. HEWITT
United States Attorney
Southern District of California
BETH A. CLUKEY
Assistant U.S. Attorney
California State Bar No. 228116
880 Front St., Rm. 6293
San Diego, California 92101-8893
Telephone: (619) 557-7184
Facsimile: (619) 557-5004
beth.clukey@usdoj.gov

Attorneys for Federal Appellees

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIBAL MESALA SILVA,<br><br>　　　　Appellant,<br><br>　　vs.<br><br>PATRICK HARGADON, et al.,<br><br>　　　　Appellees. | Case No. 08cv0784-WQH (RBB)<br><br>**FEDERAL APPELLEES' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE REGARDING APPELLANT'S MOTION TO STAY**<br><br>Hon. William Q. Hayes |

**I**

**INTRODUCTION**

On June 17, 2008, Appellant Anibal Mesala Silva ("Appellant") filed a motion to stay these proceedings pursuant to the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. §§ 501-590 (2003).[1/] On June 19, 2008, the Court issued an Order for Appellees to show cause as to why Appellant's motion should not be granted pursuant to 50 U.S.C. App. § 521. For the reasons stated below, Federal Appellees respectfully request the Court to deny the motion without prejudice because Appellant has failed to satisfy the SCRA's requirements.

///

///

---

[1/] Effective December 19, 2003, Congress renamed the Soldiers and Sailors Civil Relief Act of 1940 as the Servicemembers Civil Relief Act ("SCRA"), in recognition of the need to modernize the Act's language. See S. Rep. No. 197, 108th Cong., 1st Sess., § 1, 2003 U.S.C.C.A.N. (117 Stat. 2835) 2367, 2003 WL 22725428, at 17 (statement of C. Duehring).

## II

## BACKGROUND FACTS

On July 16, 2007, Appellant filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code, which was later converted to a proceeding under Chapter 7 of the Bankruptcy Code. See In re Silva, Bankr. No. 07-3740 (S.D. Cal. 2007). (Doc. Nos. 1, 117.) On September 21, 2007, Appellant filed an adversary complaint against, inter alia, Joseph Gaeta, a Trial Attorney with the Civil Rights Division of the Department of Justice; the Honorable Lee Yaekel, United States District Judge of the Western District of Texas; the Honorable Louise Adler, United States Bankruptcy Judge of the Southern District of California; the Honorable Leif Clark, United States Bankruptcy Judge of the Western District of Texas; Haeji Hong, Trial Attorney for the Office of the United States Trustee, Southern District of California; the United States Department of Housing and Urban Development ("HUD"); and, the United States Department of Justice ("DOJ") (collectively referred to as "Federal Appellees"). See Silva v. Jaimes, et al., Bankr. No. 07-3740, Adv. No. 07-90588 (S.D. Cal. 2007).

On April 15, 2008, the Bankruptcy Court issued an Order addressing various motions then pending in the adversary matter. Specifically, the Court: (1) granted the Federal Appellees' motion for an extension of time to respond to Appellant's Second Amended Complaint; (2) acknowledged certain defendants as being encompassed within "Federal Appellees;" (3) denied Appellant's motion to reconsider the Court's Orders regarding certain defendants' motions for an extension of time; (4) set aside an entry of default against Defendant Patrick Hargadon; and, (5) set a briefing schedule regarding motions to dismiss and/or strike. (The Bankruptcy Court's Order is attached to Appellant's Notice of Appeal.) On April 29, 2008, Appellant filed with this Court an appeal of the Bankruptcy Court's April 15, 2008 Order. (Id.) It is unclear whether Appellant is appealing the April 15, 2008 Order in its entirety or as to specific portions. On June 17, 2008, Appellant filed a motion to stay these proceedings under the SCRA. His motion lacked a certification of truthfulness and no military records were included.

Upon receipt of Appellant's motion to stay, Federal Appellees investigated the assertions contained therein and confirmed that Appellant has, in fact, joined the military. Specifically, on May 13, 2008, Appellant signed a Statement of Understanding acknowledging his enlistment and acceptance into the United States Army. (See Ex. A.) His enlistment was scheduled to start June 10, 2008, and will be for three years, thirteen weeks. (Ex. A, p.1.) According to Department of Defense ("DoD") Orders, Appellant will be attending fourteen weeks of training. (See Ex. B.) DoD's Orders do not reflect Appellant's physical location for such training.

It should be noted that Appellant has requested a stay in all of the proceedings in which he is currently participating. Three courts have issued rulings: (1) in Silva v. Gaeta, No. 08cv0783-JM (WMc) (S.D. Cal.), on July 2, 2008, the Court denied Appellant's motion for failure to comply with 50 U.S.C. App. § 522(b)(2)(B) (Doc. No. 17); (2) in Silva v. Marenus, No. 07cv1856-BTM (AJB) (S.D. Cal.), on June 26, 2008, the Court granted Respondents' motion to dismiss but without prejudice and granted Petitioner's motion to stay, until September 30, 2008 (Docket No. 25); and, (3) in Silva v. Jaimes, et al., No. 07-90588-JM (Bankr. S.D. Cal.), on July 8, 2008, the Court denied Plaintiff's motion to stay for failure to comply with 50 U.S.C. App. § 522(b)(2)(B) (Doc. No. 62).

## III

## ANALYSIS

Section 522 applies to any civil action or proceeding in which the plaintiff or defendant is in active military service at the time the request to stay the civil action is made, and has received notice of the action. 50 U.S.C. App. § 522(a)(1),(2). The servicemember can apply for a stay at any stage before final judgment is made. Id. § 522(b)(1). A court should grant a servicemember's request for a stay only if the servicemember satisfies the following two conditions:

///

///

    (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
    (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

Id. § 522(b)(2)(A), (B). If a servicemember meets these conditions, the court should stay the action for not less than ninety days. Id. § 522(b)(1). A servicemember seeking additional stay must meet the two conditions set forth above. Id. § 522(d)(1). A court has discretion under the SCRA whether to grant or deny civil proceedings. Boone v. Lightner, 319 U.S. 561, 568 (1943) (Congress deliberately conferred discretion on the courts in applying the Act instead of a rigid and undiscriminating suspension of civil proceedings).

    In his motion, Appellant has not met either of the required conditions set forth in the SCRA, and his request should be denied.

### A. Appellant Has Not Shown His Military Status Materially Affects His Ability to Appear In this Matter

    Under Section 522(b)(2)(A), Appellant must show how his military duty will "materially affect" his ability to appear in this case. Satisfying this condition is key to the entire scheme of the Act. Boone, 319 U.S. at 568 n.2 (quoting the legislative history of the originally proposed Soldiers' and Sailors' Civil Relief Act); see also Johnson v. Johnson, 139 P.2d 33, 37 (Cal. 1943) (Act is inapplicable unless it is shown the servicemember's rights would or might be adversely affected because of such service). Congress viewed the condition as striking a balance between competing interests: protecting those servicemembers unable to meet their financial obligations because of military duty, preserving servicemembers' ability to get future credit, and enforcing

///

///

1  creditors' rights. Id. In Boone, the Supreme Court held that a servicemember's physical
2  location does not, ipso facto, prove the military duty would materially affect his ability
3  to appear in the case.
4        In this case, Appellant's physical location is the only fact on which he apparently
5  relies in arguing his military service materially affects his ability to appear. He states that
6  he will be in training for eleven weeks and implies that the training will be at a location
7  outside of San Diego. As in Boone, Appellant's location is not enough to show his
8  military duty materially affects his ability to appear.
9        In fact, Appellant's physical location, for purposes of this case, is even less
10 important than in Boone. Given the type of case before this Court, Appellant will likely
11 need to appear only once, if at all. Appellant seeks to appeal the Bankruptcy Court's
12 April 15, 2008 Order pursuant to 28 U.S.C. § 158. In considering Appellant's appeal, the
13 Court will use the same standard of review a circuit court would use in reviewing a
14 district court's decision. In re Baroff, 105 F.3d 439, 441 (9th Cir. 1997). Legal
15 conclusions are reviewed under a de novo standard of review and any findings of fact are
16 reviewed under the "clearly erroneous" standard. Murray v. Bammer (In re Bammer),
17 131 F.3d 788, 792 (9th Cir. 1997) (en banc), *modified on unrelated grounds by* Kawaauha
18 v. Geiger, 523 U.S. 57 (1998)). Under either standard, this Court's review is confined
19 to any evidence presented to the Bankruptcy Court and it will not consider any new
20 evidence. Thus, no discovery will be conducted and the parties' physical appearances
21 will be likely limited to one oral argument, if any, regarding a dispositive motion.
22 Appellant has not shown how his military duty would prevent him from being physically
23 present in the courtroom if given ample notice of a hearing date. In fact, in light of
24 today's technological advances, any such argument could be held telephonically.
25 ///
26 ///
27 ///
28  ///

**B.  Appellant Has Not Supplied A Letter From His Commanding Officer**

A servicemember's request for a stay must also include a letter or other communication from the servicemember's commanding officer, confirming that the servicemember's current military duty prevents his appearance and that military leave is not authorized.  50 U.S.C. App. § 522(b)(2)(B).  Appellant has not supplied such a communication and his motion should be denied for this additional reason.

## IV

## CONCLUSION

For the reasons set forth above, Appellant has failed to comply with the prerequisites of the SCRA, and his motion to stay should be denied without prejudice.

Dated:        July 17, 2008

>                                Respectfully submitted,
>
>                                KAREN P. HEWITT
>                                United States Attorney
>
>                                 s/ Beth A. Clukey
>                                BETH A. CLUKEY
>                                Assistant U.S. Attorney
>
>                                Counsel for Federal Appellees