1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL MESALA SILVA,<br><br>                              Appellant,<br><br>       vs.<br>PATRICK C. HARGADON;<br>GERALD DAVIS;<br><br>and<br><br>FEDERAL APPELLEES,<br><br>                              Appellees. | CASE NO. 08cv784-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the request for dismissal for failure to prosecute filed by the Federal Appellees (Doc. 12) and the motion to dismiss for failure to file an opening brief filed by Appellee Gerald Davis (Doc. 14).

On April 29, 2008, Appellant Anibal Mesala Silva, acting pro se, filed an appeal of an order of the United States Bankruptcy Court for the Southern District of California pursuant to Federal Rule of Bankruptcy Procedure 8001 and 28 U.S.C. § 158.  (Doc. 1.)  Appellant appeals from the April 15, 2008 Order of the Bankruptcy Court denying Plaintiff's motion for summary judgment and granting Patrick C. Hargadon's motion to set aside default.  (Adversary Case No. 07-90588, Doc. # 39.)

On June 17, 2008, Appellant filed a motion to stay these proceedings until September

30, 2008 pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. App. § 522.  (Doc. 5.)

On August 6, 2008, the Court denied without prejudice the motion to stay the proceedings due to Appellant's failure to submit a letter of communication from his commanding officer as required by § 522(b)(2)(B).  (Doc. 9.)  In the same order, the Court set a briefing schedule pursuant to Bankruptcy Rule 8009 ordering Appellant to file his opening brief by September 30, 2008 and Appellees to file their responsive briefs by October 31, 2008.  (Doc. 9 at 2.)

On September 30, 2008, Appellant filed an ex parte motion requesting the Court to extend the time to file his opening brief to October 6, 2008.  (Doc. 10.)  The Court granted the ex parte motion and ordered Appellant to file his opening brief by October 6, 2008.  (Doc. 11.)

On October 31, 2008, the Federal Appellees in this proceeding filed their brief, in which they request dismissal of this appeal for lack of prosecution.  (Doc. 12.)  On the same date, Appellee Gerald Davis filed his appellate brief (Doc. 13) and a motion to dismiss this appeal "based upon Appellant's failure to file an opening brief in accordance with this Court's Order or the applicable appellate law."  (Doc. 14 at 2.)

On November 13, 2008, Appellant filed an ex parte motion requesting the Court to extend the time to file a response in opposition to the motions to dismiss to December 5, 2009. (Doc. 16.)

On November 18, 2008, the Court granted the ex parte motion and ordered Appellant to file a response in opposition to the motions to dismiss on or before December 5, 2008. (Doc. 17.)  No response was filed by Appellant.

On February 4, 2009, the Court ordered Appellate to serve and file an opening brief and any response to the motion to dismiss no later than Monday, February 23, 2009.  (Doc. 18.) Appellant was warned that failure to comply with the Court's order may result in dismissal of his bankruptcy appeal.  Appellant did not file an opening brief or a response to the motion to dismiss.

### RULING OF THE COURT

When a bankruptcy court ruling is appealed to the district court, Bankruptcy Rule

8009(a)(1) requires that an appellate brief be filed within fifteen days of the filing of the appeal unless the district court "by local rule or by order excuses the filing of briefs or specifies different time limits." Fed. R. Bankr. P. 8009(a). The failure to file a required pleading or brief in a timely manner may be a ground for dismissal of the appeal under Bankruptcy Rule 8001, which provides: "[f]ailure of an appellant to take any steps other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal."

"When imposing sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault." *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190 (9th Cir. 2003). "Fault refers to whether the fault for the delay rests with the party or with the attorney." *In re Fitzsimmons*, 920 F.2d 1468, 1474 n. 6 (9th Cir. 1990). A district court's "actual use of alternative sanctions prior to dismissal" such as the imposition of deadlines and warnings of dismissal, "constitutes explicit consideration of alternative sanctions." Id. at 1474; *see Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) ("the district court imposed deadlines for the prosecution of appellant's appeal. In addition, the court, in effect, warned appellant that if he did not comply with the court's schedule, his appeal would be subject to dismissal. These intermediate steps show that the court had sufficiently considered and exhausted alternatives to dismissal").

In this case, appellant has failed to file any pleading other than the motion to proceed IFP (Doc. 2), the motion to stay the proceedings (Doc. 5), the motion for an extension of time to file his opening brief (Doc. 10), and the motion for an extension of time to file a response in opposition to the motion to dismiss (Doc. 16). This Court has imposed and extended deadlines for prosecution of Appellant's appeal. (Docs. 11 and 17.) After failing to meet those deadlines, Appellant was expressly cautioned on February 4, 2009 by order of this Court that his appeal would be subject to dismissal if he failed to file his opening brief and opposition to Respondents' motions to dismiss by February 23, 2009. (Doc. 18.) This Court has sufficiently

considered and exhausted alternative sanctions.  The Court concludes that dismissal of this appeal is an appropriate sanction in conformity with fault in this matter.

CONCLUSION

IT IS HEREBY ORDERED that the request for dismissal (Doc. 12) filed by the Federal Appellees is GRANTED.  The motion to dismiss (Doc. 14) filed by Appellee Davis is GRANTED.  The Clerk of the Court is ordered to close this case.

DATED:  February 26, 2009

**WILLIAM Q. HAYES**
United States District Judge